**SO ORDERED.**

**SIGNED this 30th day of October, 2014.**





Robert E. Nugent
United States Chief Bankruptcy Judge

___

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY KENT GRACY, | ) | Case No. 13-11917 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| J. MICHAEL MORRIS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No. 14-5002 |
| | ) | |
| ARK VALLEY CREDIT UNION; | ) | |
| and JEFFREY KENT GRACY | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING ARK VALLEY CREDIT UNION'S MOTION TO DISMISS**

Can the trustee avoid an unperfected lien in a mobile home when the creditor denies that it took a lien in the home as security for a revolving line of credit extended to debtor? Debtor Jeffrey Gracy lives in a 1994 Fuqua manufactured home that is set

1

on real estate he owns. He granted two separate mortgages to Ark Valley Credit Union – the first in 2009 in the amount of $21,000 and the second in 2010 in the amount of $26,000 – to secure a revolving line of credit. Both mortgages legally describe the subject real estate at 617 W. Avenue G, Caldwell, Kansas, together with all improvements and fixtures; the mortgages do not describe, specifically or generally, the manufactured home. The trustee seeks to avoid the alleged lien in the mobile home under 11 U.S.C. § 544(a) claiming the mobile home is property subject to the mortgage lien and was unperfected on the date of the petition. Ark Valley moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b), asserting that it claims no lien in the mobile home and attaching exhibits and evidentiary material to its motion. Limiting my review to the allegations of the trustee's avoidance complaint, the Court concludes that it satisfies the facial plausibility standard of *Twombly*[1] and *Iqbal*[2] and therefore, Ark Valley's motion to dismiss for failure to state a claim must be DENIED.

Because material factual questions remain regarding the revolving line of credit transactions between debtor and Ark Valley, whether the mortgage lien *attached* to the mobile home, the home's worth, and whether non-parties may claim an interest in the home, I direct that this matter proceed to a status conference on November 7, 2014 in advance of the evidentiary hearing, currently set for November

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (plaintiff must allege sufficient facts to render the claim "plausible on its face.").
[2] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009).

**2**

18, 2014.[3]

**Procedural Background**

Debtor filed his chapter 7 petition on July 25, 2013. The trustee filed this adversary complaint on January 6, 2014 seeking to avoid and preserve Ark Valley's alleged lien in the debtor's Fuqua manufactured home under § 544(a). After first filing an answer to the complaint, Ark Valley moved to dismiss the complaint, contending that because it did not claim a lien in the mobile home, the trustee had failed to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6), incorporated in adversary proceedings by Fed. R. Bankr. P. 7012(b). In its supporting memorandum, Ark Valley set forth a separate statement of facts, supported by copies of the mortgages referenced in the complaint and attached other documents that were not part of the pleadings in the case. In his response, the trustee did not admit or deny Ark Valley's statement of facts, but alleged his own facts, also supported by the mortgages and materials outside the pleadings, including the affidavit of debtor that purports to describe the manner in which the mobile home is affixed to the real estate.

I decline to convert Ark Valley's motion to dismiss to one for summary judgment as Fed. R. Civ. P. 12(d) permits, and except for the mortgages which are referenced in the complaint, copies of which both parties have attached to their memoranda, I do not consider any of the non-pleading materials that the parties have presented in evaluating whether the trustee's complaint states a claim pursuant to

---

[3] The chapter 7 trustee J. Michael Morris appears on his own behalf. Ark Valley Credit Union appears by its counsel Eric D. Bruce. Pro se debtor Jeffrey Gracy does not appear and a default judgment was entered against him on February 28, 2014. *See* Adv. Dkt. 20.

**3**

Rule 12(b)(6).[4] Converting the motion would be futile because there are genuine disputes of material fact that cannot be determined in a summary proceeding--the intent of the parties in granting the mortgages and entering into the revolving line of credit transaction, the value of the manufactured home, and the value of the avoided lien should the trustee's avoidance claim be established.

### The Trustee's Complaint

The trustee's complaint is brought under § 544(a) and § 551 to avoid and preserve an alleged unperfected lien in the manufactured home for the benefit of the estate. Section § 544(a)(1) grants the trustee the status of a hypothetical lien creditor as of the date of the bankruptcy petition. The trustee can avoid liens that were unperfected on that date. Under Kansas law, the rights of the person who became a lien creditor prior to perfection have priority over the person holding an unperfected security interest.[5] Thus, to prevail on an avoidance complaint, the trustee must show that the creditor has a valid lien in the subject property and that the lien is not properly perfected as of commencement of the bankruptcy case. If the creditor's lien never attaches, there is no lien for the trustee to avoid and it has no value to the

---

[4] Fed. R. Bankr. P. 7012(b) incorporates Fed. R. Civ. P. 12(d). Rule 12(d) does not require the Court to convert the motion to one for summary judgment unless it considers matters that are outside the pleadings and are not public records. The court has broad discretion in determining whether or not to accept materials beyond the pleadings. *Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998). However, in certain circumstances, a court may consider documents that are referenced in the complaint, but not attached, without converting the motion to one for summary judgment. *See Thomas v. Kaven,* 765 F.3d 1183, 1197 (10th Cir. 2014) (when documents are referenced in a complaint that are central to plaintiff's claims and indisputably authentic, court may consider such documents when resolving a motion to dismiss without converting the motion to summary judgment); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir. 1997) (on motion to dismiss in contract dispute, court's consideration of letter that purported to satisfy the statute of frauds was not error where letter was referred to in the complaint, authenticity of the letter was not disputed, and letter was attached to and discussed in plaintiff's brief in opposition to the 12(b)(6) motion).
[5] KAN. STAT. ANN. § 84-9-317(a) (2013 Supp.); *In re Haberman,* 516 F.3d 1207 (10th Cir. 2008).

4

estate.[6]

Here, the trustee alleges that debtor granted two prepetition mortgages to Ark Valley on January 27, 2009 and on January 19, 2010 respectively, on Lots 32, 34, 36 and 38, Block 85 in Caldwell, Kansas. He alleges that the debtor's 1994 Fuqua manufactured home is part of the mortgaged property. And finally he alleges that the security interest or lien in the manufactured home was not perfected as of the date of the bankruptcy filing, subjecting it to the trustee's avoidance powers under § 544(a).

These allegations meet the *Twombly* facial plausibility standard for stating a claim for avoidance of the alleged lien on the manufactured home under § 544(a). The complaint alleges the execution of an instrument (the mortgages) by the debtor to Ark Valley. Ark Valley admits that the debtor executed them in its answer.[7] The trustee's allegation that the mortgaged property includes the manufactured home effectively asserts that a security interest attached to the manufactured home by virtue of the mortgages.[8] Taken together the trustee asserts that debtor granted a lien in the mobile home.

While Ark Valley suggests that it did not intend to take a security interest in the mobile home and therefore the lien never attached, there is no need to decide that

---

[6] *Rajala v. Buerge (In re Buerge),* 2013 WL 4409698 at *7 (Bankr. D. Kan. Aug. 13, 2013) (under § 544(a), the trustee seeks to avoid unperfected – but otherwise valid – liens that are attached to property of the debtor; a lien that never attaches to property is not only unperfected but also invalid and entirely worthless to the estate).
[7] Adv. Dkt. 5, ¶ 1.
[8] *See In re Brooks,* 452 B.R. 809, 813 (Bankr. D. Kan. 2011) (mortgage that creates or provides for a security interest in fixtures and is signed by debtor constitutes an authenticated security agreement necessary for *attachment* of security interest in mobile home under KAN. STAT. ANN. § 84-9-203, Kansas' version of the Uniform Commercial Code); *See also,* KAN. STAT. ANN. § 84-9-102(a)(73) (defining term 'security agreement').

**5**

ultimate issue at this stage. I only need to determine if the trustee stated a facially plausible claim. He did. He alleged facts from which a court might conclude that a lien attached to the mobile home by virtue of the mortgage. That raises the trustee's right to relief above the speculative level.[9] Only at trial will I interpret the mortgage instruments and consider any other extrinsic evidence the parties may offer about what they mutually intended when the mortgages were granted.[10]

Finally, the trustee alleges that the alleged lien on the manufactured home was unperfected on the bankruptcy petition date, the key element for the trustee to exercise his avoiding power under § 544(a). While it might have been preferable to attach the mortgages upon which the trustee's claim is founded to the adversary complaint, he has nonetheless sufficiently pled a claim to avoid and preserve the purported lien of Ark Valley in the debtor's home.[11] Ark Valley's motion to dismiss is DENIED.

### Other Necessary Parties

---

[9] *Twombly*, 550 U.S. 544, 555. A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678.

[10] *See In re Mahan,* 2007 WL 4387420 at *3-4 (Bankr. N.D. Okla. 2007) (In addition to satisfying the technical requirements of UCC Article 9 (§ 9-203) for a security agreement and attachment, court must satisfy itself that the parties intended to create a security interest in the subject property; like all contracts, there must be a meeting of the minds that a security interest attach to the collateral at issue.); Barkley Clark and Barbara Clark, 1 THE LAW OF SECURED TRANSACTIONS UNDER THE UNIFORM COMMERCIAL CODE § 2.02[3][b] (3rd Ed. 2014) (court's role is to determine the mutual intent of the parties; security agreement is no different from any other contract); *Baldwin v. Hays Asphalt Const., Inc.,* 20 Kan. App. 2d 853, 857, 893 P.2d 275 (1995) (In determining whether security interest exists, the intent of the parties controls; that intent is determined by the language used in the instrument and considering the conditions and circumstances when the contract was made); *First Nat. Bank and Trust Co. of Oklahoma City v. Atchison County Auction Co., Inc.,* 10 Kan. App. 2d 382, 386, 699 P.2d 1032 (1985) (where ambiguity in a security agreement results from inclusion of the location of the collateral, parol evidence is admissible to determine the intent of the parties; evidence that both bank and debtor intended security agreement to cover all of debtor's livestock, despite security agreement's description of collateral that included location of some of the cattle).

[11] *See* Fed. R. Civ. P. 10(c).

Ark Valley provided an exhibit suggesting that the manufactured home was last titled to Leonard and Gladys Tomlin and that Green Tree Financial Corporation claimed a security interest in it.[12] The title appears to have been issued in August of 1994. Neither the Tomlins nor Green Tree are parties to this adversary proceeding. Their interests in the mobile home, if any, cannot be determined or protected in their absence because they have no notice of the proceeding. The Court may not be able to render complete relief among debtor, the Trustee, and Ark Valley without them and, if the present parties do not join them or explain their failure to do so, the Court is obligated to do so.[13]

### **Conclusion and Orders**

Ark Valley's motion to dismiss is DENIED. Trial counsel are directed to appear for a **final pretrial status conference** in this matter on **November 7, 2014 at 11:00 a.m.** at which time they should be prepared to address whether all necessary parties have been properly joined in this adversary proceeding as well as any other matters typically considered at final pretrial conference.[14] Trial of this matter remains scheduled for **November 18, 2014**, subject to further order of the Court.

### #

---

[12] Adv. Dkt. 34, p. 40.
[13] *See* Fed. R. Civ. P. 19(a)(1) and (2); Fed. R. Bankr. P. 7019.
[14] The Court entered the Final Pretrial Order in this matter on October 20, 2014. Adv. Dkt. 40.

7